In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00207-CR

                                                ______________________________

 

 

                                         TRACY BONNER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 39456-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Tracy
Bonner appeals his conviction of guilt for the offense of aggravated sexual
assault of a child, a first degree felony. 
See Tex. Penal Code Ann. § 22.021(a) (West 2011).  Bonner was sentenced to eleven years’
confinement in the Texas Department of Criminal Justice—Institutional
Division.  Bonner was represented by
different appointed counsel at trial and on appeal.

            Bonner’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 360 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978).  

            Counsel
mailed a copy of the brief to Bonner on June 24, 2011.  Bonner was informed of his right to file a
pro se response and of his right to review the record.  Counsel also filed a motion with this Court
seeking to withdraw as counsel in this appeal. 


            Bonner
filed his pro se response on July 29, 2011, in which he complains that the case
brought against him was “bogus,” and that his counsel was of no help to
him.  Bonner further points out alleged
factual inaccuracies in the Anders
brief filed by appellate counsel.[1]
 The crux of Bonner’s response is an
argument over his guilt based on the evidence presented at trial.  We construe this complaint as one pertaining
to the legal sufficiency of the evidence. 

            In
determining whether an appeal is wholly frivolous, we independently review the
clerk’s record and the reporter’s record in deciding whether there are arguable
(nonfrivolous) issues that would support an
appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).  After independent review of the
clerk’s record and the reporter’s record, we agree with counsel that no
arguable issues support an appeal.

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or affirmed.  See
Anders, 386 U.S. 738.

            We
affirm the judgment of the trial court.[2]

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August
19, 2011

Date Decided:             September
1, 2011

 

Do Not Publish











[1]Bonner
contends that neither Wanda Skinner nor Sherry Skinner was the mother of Jane
Doe; Sherry gave a false reason for coming to his house a month before he was
arrested; he and Sherry exchanged words that day and she denied it on the
stand; Jane Doe could not remember what year she claims the events took place;
it appears Jane Doe was coached in her testimony; Jane Doe did not help him
feed his dogs; when Jane Doe’s grandmother found out he was living with his
girlfriend, this whole thing started; there was no evidence that he touched
Jane Doe.





[2]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counsel’s request to withdraw from further representation of appellant in
this case.  No substitute counsel will be
appointed.  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing or for en banc reconsideration was overruled by
this Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.